PEOPLE v. MILLER

Robbery — Evidence — Circumstantial Evidence — Criminal
Law.

> Circumstantial evidence was sufficient to prove defendant guilty
> of unarmed robbery beyond a reasonable doubt where the
> record showed that the complaining witness, although unable
> to discern his assailant's facial features, testified he was cer-
> tain that defendant's jacket at the time of his arrest was
> the same jacket worn by his assailant and that he had found
> a brown cloth glove on the ground immediately after his
> assailant had fled; that an eyewitness described the assailant
> as a Negro of substantially the same height and weight as
> the defendant, wearing a green jacket and a parka hood,
> with a dark-colored glove on his left hand but none on his
> right, and had given this description to police; that police
> officers, who arrested defendant on a nearby street some 20
> minutes later, said he was wearing a green jacket with a
> hooded jacket underneath, that a nylon stocking and $22
> were found on him, (complainant having been robbed of ap-
> proximately $25), that police found, after taking defendant
> to the station house, the mate to the glove dropped by the
> assailant stuck in the crevice of the rear seat of their squad
> car, and that defendant's shoe had fit perfectly into an im-
> pression left in the grass at the scene of the crime.

Appeal from Wayne, Richard M. Maher, J.   Sub-
mitted Division 1 May 6, 1970, at Detroit.   (Docket
No. 8,053.)   Decided June 3, 1970.

Rohne Miller was convicted of unarmed robbery.
Defendant appeals.   Affirmed.

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence §§ 264–266.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

Before: V. J. BRENNAN, P. J., and McGREGOR and AGER,* JJ.

PER CURIAM. While walking home from work, around 1:30 a.m., December 14, 1968, Eugene Spangler was attacked and robbed of approximately $25 by a Negro man wearing a green jacket and a parka hood. Defendant Rohne Miller was convicted of the crime (unarmed robbery**) after a trial by jury in the Wayne County Circuit Court. He appeals as of right.

Defendant's principal contention is that his guilt cannot be reasonably inferred from the facts proven, and, therefore, he was not proven guilty beyond a reasonable doubt. From a review of the record, we conclude that this contention is without merit.

Eugene Spangler testified that although he was unable to discern his assailant's facial features, he was "positively certain" the jacket worn by the defendant at the time of arrest was the jacket worn by his assailant. Spangler also testified, for reasons soon to become apparent, that he found a brown cloth glove lying on the ground immediately after his assailant fled. According to an eyewitness who saw the robbery from his front porch, some 35 feet away, the assailant was a Negro of substantially the same height and weight as the defendant, wearing a green jacket and a parka hood, with a dark-colored glove on his left hand but none on his right. The eyewitness

---

* Circuit judge, sitting on the Court of Appeals by assignment.
** MCLA § 750.530 (Stat Ann 1954 Rev § 28.798).

telephoned the assailant's description to the police. According to the arresting officers, the defendant was arrested on a nearby street some 20 minutes later and at the time was wearing a green jacket with a hooded jacket underneath. A nylon stocking and $22 were found in his pocket; Spangler's wallet was found about 10 feet away. The arresting officers also testified that after taking the defendant to the station house they found the mate to the glove dropped by the assailant stuck in the crevice of the rear seat of the squad car, and that the defendant's shoe fit perfectly into an impression left in the grass at the scene of the crime.

Although the evidence of guilt is circumstantial, it is nevertheless sufficient to sustain the jury's verdict. *People* v. *Stoneman* (1967), 7 Mich App 65. We find no error.

Defendant's second contention—that the trial court erred in declining to give a proposed instruction dealing with the permissible limits of inferences and circumstantial proof—is equally without merit and requires no discussion. The instruction that was given clearly and fairly stated the law.

Affirmed.